UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ONE SILICON VALLEY BANK ACCOUNT, 3300355711 IN THE AMOUNT OF ONE HUNDRED THIRTEEN THOUSAND NINE HUNDRED FIFTY-TWO AND 62/100 DOLLARS ($113,952.62),

      Defendant.
_____/

Case No. 1:05-cv-295

HON. GORDON J. QUIST

**OPINION**

The government is seeking the forfeiture of $113,952.62, seized from a Silicon Valley Bank account, under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) and 28 U.S.C. § 2461(c). Claimants, Bank Midwest N.A. and Solarcom, Inc. (collectively the "Putative Owner Victims"), asserted their claims to the seized assets by timely filing verified claims and answers to the complaint pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. The Putative Owner Victims also filed a motion for summary judgment on November 15, 2006. Now before the Court is a motion to intervene pursuant to Fed. R. Civ. P. 24 filed by M&I First National Leasing n/k/a M&I Equipment Finance Company d/b/a Southwest Leasing, El Camino Resources, Ltd., National City Corporation, for itself and its subsidy National City Bank, successor by merger to Pioneer Bank and Trust Company, U.S. Bancorp Equipment Finance, Inc., and U.S. Bancorp/Oliver Allen Technology Leasing (collectively the "Proposed Intervenors"). For the following reasons, the Court will deny the motion to intervene.

## I. Background

In November 2004, the government seized $113,952.62 from an account at the Silicon Valley Bank in California. The government filed the complaint in this case on April 21, 2005, seeking forfeiture of the seized funds. The government filed a notice of forfeiture action on June 7, 2005. The notice of forfeiture action informed claimants to the seized assets that they must file a verified claim within 30 days and an answer to the complaint pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. The notice of forfeiture action stated that in addition to filing a verified claim under Rule C(6), or in the alternative, claimants could file a Petition for Remission or Mitigation with the government pursuant to 28 C.F.R. Part 9.

The Putative Owner Victims timely filed verified claims and answers to the complaint pursuant to Rule C(6). The Proposed Intervenors did not file verified claims, but timely filed petitions for remission of non-owner victims pursuant to 28 C.F.R. Part 9. The Putative Owner Victims also filed petitions for remission. The government granted the petitions for remission in October 2006. Because the total value of the forfeited assets is insufficient to fully compensate all of the victims, the victims were to receive pro rata shares of the proceeds based on their documented losses.

On November 15, 2006, the Putative Owner Victims filed a joint motion for summary judgment, seeking all of the seized assets in this case. The government filed its response to the Putative Owner Victims' motion for summary judgment on January 25, 2007, along with its cross-motion for summary judgment.

The Proposed Intervenors filed their motion to intervene on January 19, 2007, which is opposed by the Putative Owner Victims. The Proposed Intervenors included verified claims of interest and right pursuant to Rule C(6) along with their motion to intervene.

## II. Analysis

**1.      Intervention Pursuant to Rule 24(a) and (b)**

The Proposed Intervenors seek to intervene as a matter of right. Federal Rule of Civil Procedure 24(a) provides, in part, for intervention as a matter of right

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

A party wishing to intervene as a matter of right must show the "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

Alternatively, the Proposed Intervenors request permissive intervention. Federal Rule of Civil Procedure 24(b) provides, in part, for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."

**2.      Standing**

The Putative Owner Victims argue that the motion to intervene should be denied because the Proposed Intervenors do not have standing in this matter. "In a civil forfeiture action, the claimant to the property must have standing in order to challenge the forfeiture." *United States v. $64,800.00*,

3

21 F. App'x 439, 439-40 (6th Cir. 2001).  "[C]laimants must have statutory standing through compliance with Supp. Admiralty and Maritime Claims R. C(6), as well as the Article III standing required for any action brought in federal court." *United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir. 1998). "To establish standing, 'the claimant must demonstrate that he has a colorable ownership, possessory or security interest in at least a portion of the defendant property.'" *United States v. $38,852.00*, 328 F.Supp.2d 768, 769 (N.D. Ohio 2004) (quoting *$64,800.00*, 21 F. App'x at 440) (internal quotations omitted).  The Proposed Intervenors argue that they have a legal interest in the seized assets that the government recognized when it granted the petitions for remission. 28 C.F.R. § 9.5(a)(1)(I) governs petitions for remission and states that a petition shall not be granted unless the petitioner establishes that it "has a valid, good faith, and legally cognizable interest in the seized property as owner or lienholder as defined in this part." At this point in the proceedings, the Court is satisfied that the Proposed Intervenors have alleged a colorable ownership interest in the seized assets, exemplified by the government's granting of the Petitions for Remission.

However, the Proposed Intervenors lack standing because they did not comply with Rule C(6).  A claimant must also have "statutory standing pursuant to Rule C(6) in order to contest the government's forfeiture action." *United States v. $267,961.07*, 916 F.2d 1104, 1107 (6th Cir. 1990).  Rule C(6)(a)(i) requires that

> a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest:
> (A) within 10 days after the execution of process, or
> (B) within the time that the court allows[.]

The government's notice of forfeiture action provided that claimants must file verified claims within 30 days of publication of the notice.  The Proposed Intervenors failed to file verified claims within the period required by Rule C(6).  The Proposed Intervenors argue that because they are not

4

*challenging* the forfeiture, but are seeking to intervene *in support of* the forfeiture, Rule C(6) and the related cases are inapplicable. The Proposed Intervenors do not cite any law in support of this proposition, and the Court is not aware of any cases differentiating between the requisite standing to challenge a forfeiture and to support a forfeiture.

Courts have "discretion to excuse a late filing if the claimant can show 'excusable neglect' and a meritorious defense." *United States v. $1,437.00*, 242 F.Supp.2d 193, 195 (W.D.N.Y. 2002) (citing *United States v. One 1978 Piper Navajo Aircraft*, 748 F.2d 316, 318 (5th Cir. 1984)). "Mitigating factors which can excuse a late filing include a good faith attempt to file on time, detrimental reliance on government misinformation, and the expenditure of considerable time and resources preparing for trial." *Id*. (citing *United States v. One Dairy Farm*, 918 F.2d 310, 312 (1st Cir. 1990)).

It is undisputed that the Proposed Intervenors had notice of this action no later than April 2006.[1] The Proposed Intervenors argue that they timely filed petitions for remission and that, once the Putative Owner Victims filed their motion for summary judgment, the Proposed Intervenors acted quickly to protect their interests by filing their motion to intervene and verified statements of interest and right. At least one court presented with a similar situation where a party filed a verified statement of interest in an administrative proceeding but not in the judicial civil forfeiture proceeding determined that "'the filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court under Rule C(6).'" *United States v. $31,852.38*, 183 F. App'x 237, 241 (3d Cir. 2006) (quoting David B. Smith, Prosecution and Defense of Forfeiture Cases § 9.04[1]).

---

[1]Two of the Proposed Intervenors, M&I Equipment Finance Company and El Camino Resources, provided the Court with their petitions for remission, which refer to this case. M&I filed its petition on September 27, 2005, and El Camino Resources filed its petition on April 24, 2006.

Therefore, because the Proposed Intervenors did not timely file claims pursuant to Rule C(6) and have not shown excusable neglect, their motion to intervene will be denied for lack of standing.

### III. Conclusion

For the foregoing reasons, the Court will deny the Proposed Intervenors' motion to intervene.

An Order consistent with this Opinion will be issued.


Dated: June 1, 2007                              /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE